TODD A. ROBERTS (SBN 129722)
TAHEREH MAHMOUDIAN (SBN 217120)
**ROPERS, MAJESKI, KOHN & BENTLEY**
445 South Figueroa Street, Suite 3000
Los Angeles, California 90071-1619
Telephone:  (213) 312-2000
Facsimile:  (213) 312-2001
Email:       stephen.erigero@rmkb.com
Email:       tahereh.mahmoudian@rmkb.com

Attorneys for Plaintiff
MAPFRE INSURANCE COMPANY

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAPFRE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>DOUGLAS L. VADNAIS; DEBORAH A. VADNAIS; and DOES 1-10, Inclusive,<br><br>Defendants. | CASE NO.<br><br>*Assigned to Hon.*<br><br>**COMPLAINT FOR DECLARATORY RELIEF** |

Plaintiff MAPFRE INSURANCE COMPANY respectfully submits the following Complaint for Declaratory Judgment against Defendants, and each of them, as follows:

## THE PARTIES

1. Plaintiff MAPFRE Insurance Company ("Plaintiff" or "MAPFRE") is, and at all times herein mentioned was, an insurance company authorized to do and doing business in the State of California.

/ / /

/ / /

2. At all times relevant herein, MAPFRE has been a corporation incorporated under the laws of the State of New Jersey and MAPFRE's principal place of business has been in Webster, Massachusetts, where MAPFRE's high level officers direct, control and coordinate its nationwide activities.

3. Plaintiff is informed and believes and thereon alleges that Defendant Deborah Vadnais is, and at all times herein mentioned was, an individual residing in this judicial district. Plaintiff is informed and believes and thereon alleges that Defendant Deborah Vadnais is a citizen of the State of California.

4. Plaintiff is informed and believes and thereon alleges that Defendant Douglas Vadnais is, and at all times herein mentioned was, an individual residing in this judicial district. Plaintiff is informed and believes and thereon alleges that Defendant Douglas Vadnais is a citizen of the State of California. Defendants Deborah Vadnais and Douglas Vadnais shall collectively be referred to as "Defendants".

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because the amount in controversy exceeds $75,000 and this action is between citizens of different states.

6. Further, this Court has, and should exercise, discretion to award a declaratory judgment pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure.

7. Venue is proper in the Northern District of California pursuant to 28 U.S.C. § 1391(b)(2) because the events or omissions giving rise to this action occurred in this District, and the property listed as the insured location under the insurance policy that is the subject of this action is situated in this District.

/ / /

/ / /

/ / /

## THE INSURANCE POLICY

8. MAPFRE issued a homeowners insurance policy to Defendants, policy number 8006010013239, effective January 12, 2017 to January 12, 2018 (the "Policy"). The Policy lists 1096 Wikiup Drive, Santa Rosa, California 95403 as the insured location (the "Wikiup Drive Property"). If valid and enforceable, the Policy insures against risk of direct physical loss to the Wikiup Drive Property, including damage to the Dwelling, Other Structures, and Personal Property, subject to policy terms, conditions and exclusions.

9. The Policy contains the following "Concealment or Fraud" provision:

**Q. Concealment or Fraud**

1. With respect to loss caused by fire, we do not provide coverage to the "insured" who has:

   a. Intentionally concealed or misrepresented any material fact or circumstance;

   b. Engaged in fraudulent conduct; or

   c. Made false statements;
   relating to this insurance.

## FACTS COMMON TO ALL CLAIMS

10. On or about October 9, 2017, a brush fire destroyed the Wikiup Drive Property (the "Claim"). Defendants reported the loss and submitted a claim to MAPFRE under the Policy to recover insurance benefits for the damage to the Wikiup Drive Property from the fire.

11. On or about January 16, 2018, MAPFRE paid to Defendants a sum of $817,000.00 under Coverage A (Dwelling) of the Policy for the fair market value of the Wikiup Drive Property. Additionally, on October 16, 2017, MAPFRE made advance payment to Defendants a sum of $10,000.00 for Coverage C (Personal Property). On January 16, 2018, MAPFRE also made an advance payment of $10,000.00 pursuant to Coverage D ("Additional Living Expenses") of the Policy.

12. In addition to the payments identified in paragraph 11, above, MAPFRE made additional payments in excess of $800,000. In sum, MAPFRE has paid Defendants in excess of $1,600,000.

13. Subsequent to the fire, Defendants falsely represented to MAPFRE that while they were building a house at a new location, the best option for them was to lease a land, place a trailer on the land and live in the trailer. The false representations and/or concealment began in or about November 2017 and continued until at least December 2019.

14. In or about January 2018, Defendants submitted to MAPFRE a lease that MAPFRE later discovered was falsified by Defendants in order to obtain policy benefits.

15. The falsified lease was entitled "Ground Lease Agreement" for the lease of land located at 6500 Wallace Creek Road, Healdsburg, California (the "Wallace Creek Property"). The Ground Lease Agreement named Defendants as the tenants and William McClatchy as the landlord. The falsified Ground Lease Agreement has a term of February 1, 2018 through January 31, 2020 and the monthly rent indicated therein is $7,000. The falsified Ground Lease Agreement was the only document that Defendants provided to MAPFRE in support of their claim for Additional Living Expenses ("ALE").

16. Based on the falsified Ground Lease Agreement, MAPFRE determined the monthly ALE in the amount of $10,000 (consisting of $7,000 monthly rent, lease of a trailer and other miscellaneous costs).

17. Based on Defendants' false representations and/or concealment, MAPFRE made a monthly payment of $10,000 to Defendants for a period of twenty one months.

/ / /

/ / /

/ / /

18. While collecting $10,000 per month for lease of the Wallace Creek Property, Defendants represented to MAPFRE that they were building a house at a new address located at 3444 Chicken Ridge Road, Healdsburg, California (the "Chicken Ridge Property").

19. MAPFRE is informed and believes that Defendants concealed or failed to disclose material facts of which they had knowledge pertaining to the Claim, including but not limited to the following:

(a) Defendants never entered into the Ground Lease Agreement for the Wallace Creek Property, never leased a trailer to place on the Wallace Creek Property and never lived at the Wallace Creek Property all the while collecting ALE for nearly two years for living at the Wallace Creek Property;

(b) There were never any negotiations between William McClatchy and Defendants regarding the lease of the Wallace Creek Property or any terms of the Ground Lease Agreement. Rather, it was Defendant Deborah Vadnais who drafted the Ground Lease Agreement and arbitrarily selected and inserted the terms of the lease of two years from February 1, 2018 to January 31, 2020 and the monthly rent of $7,000.

(c) On or about February 14, 2018, Defendants actually purchased the Wallace Creek Property meaning that Defendants collected ALE for twenty-one months (for a total sum of $210,000) for a property that Defendants did own.

(d) The Wallace Creek Property is the one and same as the Chicken Ridge Property. Those two properties have the same Assessor's Parcel Number ("APN"). Thus, while Defendants were collecting ALE for lease of the Wallace Creek Property, they falsely claimed that they were building a house at Chicken Ridge Property which is the same property as the Wallace Creek Property.

20. Defendants made numerous misrepresentations regarding their Claim, including, but not limited to, the following:

///

(a) Defendants never entered into the Ground Lease Agreement for the Wallace Creek Property, never leased a trailer to place on the Wallace Creek Property and never lived at the Wallace Creek Property all the while collecting ALE for nearly two years for living at the Wallace Creek Property;

(b) There were never any negotiations between William McClatchy and Defendants regarding the lease of the Wallace Creek Property or any terms of the Ground Lease Agreement. Rather, it was Defendant Deborah Vadnais who drafted the Ground Lease Agreement and arbitrarily selected and inserted the terms of the lease of two years from February 1, 2018 to January 31, 2020 and the monthly rent of $7,000.

(c) On or about February 14, 2018, Defendants actually purchased the Wallace Creek Property meaning that Defendants collected ALE for twenty-one months (for a total sum of $210,000) for a property that Defendants did own.

(d) The Wallace Creek Property is the one and same as the Chicken Ridge Property. Those two properties have the same Assessor's Parcel Number ("APN"). Thus, while Defendants were collecting ALE for lease of the Wallace Creek Property, they falsely claimed that they were building a house at Chicken Ridge Property which is the same property as the Wallace Creek Property.

21. MAPFRE is informed and believes that Defendants understood that MAPFRE would rely upon the accuracy of the information that Defendants provided to MAPFRE and in the documents submitted in support of their Claim in paying policy benefits.

22. The misrepresentations and omissions that Defendants made were material because MAPFRE would not have agreed to pay policy benefits as it did had MAPFRE been aware of the true facts pertaining to the Claim.

23. During its investigation of the Claim, MAPFRE became aware of the true and accurate facts pertaining to the falsified lease, including the facts that Defendants actually owned the Wallace Creek Property, never leased that property,

and did not pay $7,000 a month in rent, among other misrepresentations and concealments made by Defendants while seeking policy benefits. MAPFRE also became aware that subsequent to the fire, Defendants actually lived in one or more rental property with the monthly rent of $2,500. However, Defendant did not provide a copy of the lease for the rental property until late December 2019 and only after repeated requests by MAPFRE.

24. On or about April 21, 2020, MAPFRE advised Defendants that MAPFRE would be pursuing the instant declaratory relief action, while simultaneously reserving its rights with respect to the Claim pending the Court's adjudication confirming MAPFRE's right to void the Policy, the absence of coverage for the Claim and MAPFRE's right to seek reimbursement of policy benefits paid to Defendants after Defendants began making false representations to MAPFRE and/or concealed material facts from MAPFRE.

## I.
## FIRST CAUSE OF ACTION
## (DECLARATORY RELIEF – POLICY IS VOID)

25. MAPFRE hereby repeats and re-alleges each and every allegation contained in Paragraphs 1 through 24 as though set forth verbatim herein.

26. The California Standard Form Fire Insurance Policy provides: "This entire policy shall be void if, whether before or after a loss, the insured has willfully concealed or misrepresented any material fact or circumstance concerning this insurance or the subject thereof..." (Cal. Ins. Code § 2071(a)).

27. Under both California law and the terms of the Policy, MAPFRE is entitled to void the Policy and coverage for the Claim if Defendants concealed or made knowingly false statements regarding material facts in connection with the presentation of the Claim.

/ / /

/ / /

28. In applying for the Policy benefits, Defendants made false representations and statements to MAPFRE about the lease of the Wallace Creek Property as set forth in full in paragraphs 19-20 above.

29. The false representations and concealments made by Defendants in applying for the Policy benefits were material to MAPFRE's decision to accept the Claim and issue payments to Defendants, and had MAPFRE been provided truthful and accurate information, MAPFRE would have declined to pay policy benefits.

30. Pursuant to 28 U.S.C. § 2201, this Court may declare the rights and obligations of the Parties with respect to the Policy on the ground that an actual controversy within the meaning of 28 U.S.C. § 2201 now exists between MAPFRE and Defendants concerning MAPFRE's right to void the Policy.

31. MAPFRE is informed and believes that an actual and real controversy now exists herein between MAPFRE and Defendants concerning MAPFRE's entitlement to void the Policy. MAPFRE contends that based upon Defendants' material misrepresentations and concealments in applying for the Policy benefits, whereas MAPFRE is informed and believes that Defendants contends that voiding of the Policy is not proper. Thus, a justiciable controversy exists between MAPFRE and Defendants, including but not necessarily limited to, MAPFRE's right to void the Policy.

32. MAPFRE is further informed and believes that an actual and real controversy now exists herein between MAPFRE and Defendants concerning coverage for the Claim. MAPFRE contends that a voiding of the Policy is valid and enforceable, such that the Policy became unenforceable and void when the falsified lease was submitted to MAPFRE and therefore there is no coverage for the Claim after the material misrepresentations and concealments. By contrast, MAPFRE is informed and believes that Defendants contend that voiding of the Policy is not proper and the Policy provides coverage for the Claim. Thus, a justiciable controversy exists between MAPFRE and Defendants, including but not

necessarily limited to, the existence of coverage under the Policy for the Claim.

33. Accordingly, pursuant to 28 U.S.C. § 2201, MAPFRE seeks a declaration from the Court on the validity of its voiding of the Policy, and a judgment in its favor that the Policy was properly voided, is void from the date that the falsified lease was presented to MAPFRE in or about January 2018 and that therefore, there is no coverage for the Claim.

## II.
## SECOND CAUSE OF ACTION
### (DECLARATORY RELIEF – THERE IS NO COVERAGE UNDER THE POLICY BECAUSE OF FALSE REPRESENTATIONS AND/OR CONCEALMENT IN THE PRESENTATION OF INSURANCE CLAIM)

34. MAPFRE hereby repeats and re-alleges each and every allegation contained in Paragraphs 1 through 33 as though set forth verbatim herein.

35. Under both California law and the terms of the Policy, MAPFRE is entitled to deny coverage for the Claim if Defendants concealed or made knowingly false statements regarding material facts in connection with the presentation of the Claim.

36. As set forth in full in paragraphs 19-20 above, MAPFRE is informed and believes that Defendants willfully misrepresented and concealed these materials facts with knowledge of their falsity and with the intent to deceive MAPFRE, such that MAPFRE would rely upon the truthfulness of their statements and representations.

37. The misrepresentations and concealments made by Defendants in presenting the Claim under the Policy were knowingly made, and were material to MAPFRE's coverage investigation into whether misrepresentations and concealments had been made during the presentation of the Claim, and whether there was no coverage under the Policy. Accordingly, MAPFRE is entitled to deny coverage for the Claim by reason of Defendants' knowingly false statements and concealments regarding material facts made in connection with the Claim.

///

38. Pursuant to 28 U.S.C. § 2201, this Court may declare the rights and obligations of the Parties with respect to the Policy on the ground that an actual controversy within the meaning of 28 U.S.C. § 2201 now exists between MAPFRE and Defendants concerning the right to deny coverage for the Claim.

39. MAPFRE is informed and believes that an actual and real controversy now exists herein between MAPFRE and Defendants concerning coverage for the Claim. MAPFRE contends that the Policy does not provide coverage by reason of Defendants' concealment and knowing false statements made to MAPFRE in the presentation of their Claim, whereas MAPFRE is informed and believes that Defendants contends that coverage for the Claim is afforded by the Policy. Thus, a justiciable controversy exists between MAPFRE and Defendants, including but not necessarily limited to, coverage for the Claim under the Policy.

40. Accordingly, pursuant to 28 U.S.C. § 2201, MAPFRE seeks a declaration from the Court regarding its right to deny coverage for the Claim by reason of Defendants' knowing misrepresentations and concealments of material facts in connection with the Claim, and a judgment in its favor that the there is no coverage under the Policy.

## III.
## THIRD CAUSE OF ACTION
## (DECLARATORY RELIEF – PLAINTIFF IS ENTITLED TO REIMBURSEMENT OF FUNDS PAID TO DEFENDANTS AFTER THE DATE THE POLICY BECAME VOID)

41. MAPFRE hereby repeats and re-alleges each and every allegation contained in Paragraphs 1 through 40 as though set forth verbatim herein.

42. MAPFRE is entitled to reimbursement of all funds paid to Defendants after the date the Policy became void as a result of Defendants' concealment and/or false representations of material facts in connection with the presentation of the Claim.

/ / /

43.     Pursuant to 28 U.S.C. § 2201, this Court may declare the rights and obligations of the Parties with respect to the Policy on the ground that an actual controversy within the meaning of 28 U.S.C. § 2201 now exists between MAPFRE and Defendants concerning MAPFRE's entitlement to reimbursement of funds to Defendants after Defendants began to make false representations and/or concealed material facts in presentation of their Claim.

44.     MAPFRE is informed and believes that an actual and real controversy now exists herein between MAPFRE and Defendants concerning reimbursement of funds paid to Defendants.  MAPFRE contends that it is entitled to reimbursement of funds by reason of Defendants' concealment and knowing false statements made to MAPFRE in the presentation of their Claim, whereas MAPFRE is informed and believes that Defendants contend that they are entitled to keep the funds MAPFRE paid them.  Thus, a justiciable controversy exists between MAPFRE and Defendants, including but not necessarily limited to, reimbursement of funds paid for the Claim under the Policy.

44.     Accordingly, pursuant to 28 U.S.C. § 2201, MAPFRE seeks a declaration from the Court regarding its right to obtain reimbursement for the funds paid for the Claim by reason of Defendants' knowing misrepresentations and concealments of material facts in connection with the Claim, and a judgment in its favor that MAPFRE is entitled to reimbursement of funds paid under the Policy.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff MAPFRE INSURANCE COMPANY prays for judgment against Defendants DEBORAH VADNAIS and DOUGLAS VADNAIS as follows:

1.     For a Court Declaration that MAPFRE is entitled to void the Policy issued to Defendants;

2.     For a Court Declaration that Defendants' claim for insurance benefits relating to the October 9, 2017 fire to the Wikiup Drive Property is not covered

1  under the Policy that MAPFRE issued to Defendants, upon MAPFRE's voiding of
2  the Policy consistent with the Court's Declaration;

3. For a Court Declaration that Defendants' claim for insurance benefits relating to the October 9, 2017 fire to the Wikiup Drive Property is not covered under the Policy that MAPFRE issued to Defendants, by reason of Defendants' knowing false representations and concealment of material facts made in connection with their presentation of the Claim;

4. For a Court Declaration that Defendants must reimburse all payments MAPFRE made under the Policy to Defendants after the Defendants first made knowing false representations and/or concealment of material facts;

5. For a Court declaration that Plaintiff is the prevailing party in the action;

6. For costs of suit and fees incurred herein; and

7. For such further and other relief as the Court deems just and proper.


DATED: May 15, 2020                    ROPERS, MAJESKI, KOHN & BENTLEY


                                       By: /s/ Tahereh Mahmoudian
                                           TODD A. ROBERTS
                                           TAHEREH MAHMOUDIAN
                                           Attorneys for Plaintiff
                                           MAPFRE INSURANCE COMPANY

| CASE NAME: | *MAPFRE INSURANCE COMPANY v. DOUGLAS VADNAIS, et al.* |
|---|---|
| ACTION NO.: | |

# CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document:

### COMPLAINT FOR DECLARATORY RELIEF

was filed on May 15, 2020, with the Court's ECF system, which, in turn, served a true and accurate copy on the following listed counsel:

☐ **Electronically Serviced Through ECF To:**

☒ **Service By U.S. Mail To:**

Nicole S. Adams-Hess, Esq.
Adleson Hess & Kelly
577 Salmar Avenue, 2nd Floor
Campbell, California 95008
Email: nhess@ahklaw.com

Deborah Vadnais
712 Johnson Street
Healdsburg, California 95448

Douglas Vadnais
1096 Wikiup Drive
Santa Rosa, California 95403

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

DATED: May 15, 2020

　　　　　　　　　　　　　　　　　　　*/s/ Jennie Lynn Cecchini*
　　　　　　　　　　　　　　　　　　　**Jennie Lynn Cecchini**

4841-5584-8121.4

- 1 -

**COMPLAINT FOR DECLARATORY RELIEF**